# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **DAVID JACKSON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 5:16-05684** |
| ) | **(Criminal No. 5:09-00014)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 86), filed on June 23, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 87.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A**   **Criminal Action No. 5:09-00014:**

On January 11, 2010, Movant pled guilty to one count of Distribution of a Quantity of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) (Count Two of the Indictment). (Criminal Action No. 5:09-00014, Document Nos. 42 – 44.) A Presentence Investigation Report was prepared. (Id., Document No. 60.) The District Court determined Movant had an Base Offense Level of 18, and a Total Offense Level of 29, the Court having applied the following: An enhancement to an adjusted offense level of 32 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., p. 11 and Document No. 59, p. 1.) The District Court sentenced Movant on June 3, 2010, to serve a total term of 151 months of

incarceration to be followed by a three-year term of supervised release.[1] (Id., Document Nos. 57 and 58.) The District Court further imposed a $100 special assessment. (Id.)

On June 17, 2010, Movant filed a Notice of Appeal. (Id., Document No. 61.) Counsel filed an Anders Brief challenging the reasonableness of Petitioner's sentence. On June 20, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. (Id., Document No. 79.); United States v. Jackson, 435 Fed.Appx. 275 (4th Cir. 2011).

**B.  Section 2255 Motion:**

On June 23, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and First Assistant Federal Public Defender David R. Bungard, filed his "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255." (Civil Action No. 5:16-5684, Document No. 86.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant argues that he is entitled to relief under "Section 2255(f)(3) because he filed [his Motion] within one year of the Supreme Court's decision in Johnson – a ruling which established a 'newly recognized' right that is 'retroactively applicable to cases on collateral review.'" (Id.) Movant contends that in light of Johnson, he "is no longer a career offender because his 19[92] convictions for aggravated assault no longer qualifies as a career offender 'crime of violence.'" (Id.) Additionally, counsel states that they were unable to fully brief the issues presented in the Section 2255 Motion due to time constraints and "counsel will ask for leave to supplement this petition at a later time." (Id., p. 3.)

By Order entered on June 30, 2016, the undersigned directed Movant to file any

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 151 to 188 months. (Criminal Action No. 5:09-00014, Document No. 59.) The District Court

2

supplemental brief in support of his Section 2255 Motion by August 1, 2016, and directed the United States to file its Answer by September 12, 2016. (Id., Document No. 89.) On August 1, 2016, Movant, by counsel, filed his "Supplement to Defendant's Emergency Motion to Vacate & Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 91.) Movant argues that under Johnson, Movant "is no longer a career offender because his 1992 convictions for aggravated assault in New Jersey no longer qualify as crimes of violence under any portion of the career definition." (Id.) In support, Movant explains that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that "[i]t follows that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness." (Id.) Movant asserts that he is entitled to relief under "Section 2255(h)(2) because *Johnson* establishes a 'new rule of constitutional law' that has been 'made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Id.) Thus, Movant concludes that his prior convictions do not trigger the application of the Section 4B1.1 career offender enhancement. (Id.) Movant argues that his prior convictions for aggravated assault does not qualify as crimes of violence under the enumerated offenses or the force clause of the career offender provision. (Id.) Movant, therefore, contends that "in light of *Johnson*, [he] no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a)." (Id.)

On August 22, 2016, the United States filed its Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 92.) Specifically, the United States requests that the District Court (1) withdraw the referral of the case to the Magistrate Judge, and (2) stay the case pending resolution of Beckles v. United

---

sentenced Movant at the bottom of the Guideline Range. (*Id.*)

States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). (Id.) Movant, by counsel, filed his Response in Opposition to United States' Motion to Withdraw Referral and Stay Case on August 26, 2016. (Id., Document No. 96.) By Order entered on September 2, 2016, United States District Judge Irene. C. Berger denied the United States' Motion to Withdraw Referral to Magistrate Judge and to Stay Case Pending Supreme Court Ruling. (Id., Document No. 97.)

On October 12, 2016, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 99.) First, the United States argues that Movant has not satisfied his burden of proving that Johnson made any difference in his original sentence. (Id., pp. 6 – 8.) Second, the United States claims that Movant's claims are untimely. (Id., pp. 8 – 15.) Third, the United States asserts that Movant signed a waiver of appellate rights wherein he knowingly and voluntarily waived collateral attack of his sentence. (Id., pp. 15 – 19.) Fourth, the United States contends that Movant procedurally defaulted his claims and has not demonstrated good cause to excuse his default. (Id., p. 19 – 21.) Fifth, the United States argues that Johnson does not apply on collateral review to Guideline issues. (Id., pp. 21 – 26.) Finally, the United States claims that at least one of Movant's two prior convictions for aggravated assault qualifies as a "crime of violence." (Id., pp. 26 – 38.)

Movant, by counsel, filed his Reply on November 10, 2016. (Id., Document No. 102.) First, Movant argues that he "has no burden of production or persuasion to show that the District Court previously relied upon the residual clause in U.S.S.G. § 4B1.2(a) for sentencing him as a career offender in order to obtain 28 U.S.C. § 2255 relief from an unlawfully imposed sentence." (Id., pp. 1 – 5.) Second, Movant claims that his Section 2255 Motion is timely. (Id., pp. 5 – 8.) Third, Movant asserts that the Johnson issue remained "outside the scope of the appeal waiver language contained in [his] plea agreement." (Id., pp. 8 – 11.) Fourth, Movant contends that his

4

Section 2255 Motion is not barred by procedural default pursuant to the cause and prejudice exception set forth in Reed v. Ross, 468 U.S. 1 (1984)." (Id., pp. 11 – 13.) Fifth, Movant argues that the "Fourth Circuit's decision in Hubbard held that Johnson could be substantively applied to any § 2255 challenge of a previous career offender designation under the Sentencing Guidelines." (Id., pp. 14 – 25.) Sixth, Movant claims that his "1992 third degree aggravated assault conviction does not contain as a required element the use, attempted use, or threatened use of physical force in order to obtain a conviction." (Id., pp. 15 – 18.) Seventh, Movant asserts that "[t]he Supreme Court in Castleman did not alter the requirement that in order for a prior felony conviction to be considered as a 'crime of violence,' a necessary element of the offense had to include the use, attempted, or threatened use of violent, physical force." (Id., pp. 18 – 20.) Finally, Movant argues that at sentencing his counsel "asserted a legal objection concerning the relevant conduct calculations contained in the final PSR to which the Government waived the presentation of relevant conduct evidence in light of [Movant's] admission as to his career offender status." (Id., pp. 20 – 23.)

## **ANALYSIS**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect

5

which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In

Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because his prior convictions for aggravated assault qualified as "crimes of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the

7

ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Although the United States has filed a Response asserting numerous reasons Movant's Section 2255 Motion should be dismissed, the undersigned finds it unnecessary to consider such arguments. The issue concerning whether Johnson applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of

sentences." Id. The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Accordingly, Movant's argument that the holding of Johnson extends to his sentence as a career offender under the "residual clause" of the Guidelines is without merit. Beckles clearly forecloses Movant's argument that he was improperly determined to be a career offender because his prior convictions no longer qualify as "crimes of violence" in light of Johnson. Furthermore, Movant fails to present any other basis for finding that his predicate offenses do not satisfy the criteria for career offender status that could be considered timely and appropriately asserted in the above proceedings

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 86) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which

objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: May 17, 2018.

Omar J. Aboulhosn
United States Magistrate Judge