# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

DAVID JACKSON,

        Petitioner,

v.                           CIVIL ACTION NO. 5:16-cv-05684
                                  (Criminal No. 5:09-cr-00014)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's June 23, 2016 *Emergency Motion to Correct Sentence, Pursuant to 28 U.S.C § 2255* (Document 86), brought on the grounds, *inter alia*, that his sentence is improper in view of *Johnson v. United States*, 135 S. Ct. 2251 (2015).

By *Standing Order* (Document 87) entered on June 27, 2016, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On May 17, 2018, Magistrate Judge Aboulhosn entered his *Proposed Findings and Recommendation* (PF&R) (Document 103) recommending that the Section 2255 motion be denied. On May 18, 2018, the Petitioner filed *Movant's Objections to the Proposed Findings and Recommendations* (Document 104) through his counsel, David R. Bungard, Assistant Federal Public Defender.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 11, 2010, the Petitioner, David Jackson, pled guilty to one count of Distribution of a Quantity of Cocaine Base in violation of 21 U.S.C. §8419(a)(1). On June 3, 2010, he was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on a prior conviction for aggravated assault, which the Court considered to be a "crime of violence" and a conviction for conspiracy to distribute cocaine base, classified as a controlled substance offense. On June 17, 2010, the Petitioner filed a notice of appeal to the Fourth Circuit, which affirmed the conviction and sentence on June 20, 2011. On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S.Ct. 2551 (2016), which prompted Mr. Jackson, through counsel, to file an emergency Section 2255 motion to have his 2010 sentence corrected.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

**DISCUSSION**

In the PF&R, Magistrate Judge Aboulhosn reasoned that the Petitioner's reliance on *Johnson v. United States*, 135 S.Ct. 2551 (2015), for relief under U.S.S.G § 4B1.2(a)(2) of the sentencing guidelines is misplaced, because of the Supreme Court's holding in *Beckles v. United States,* 137 S.Ct. 886 (2017). In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act, defining violent felonies to include a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2555-57 (2015). In *Beckles*, the Supreme Court held that the residual clause in U.S.S.G. § 4b1.2(a) was not unconstitutionally vague because the Guidelines do not fix the permissible range of sentences, rather, they "merely guide the exercise of the court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. With guidance from the *Beckles* Court, Magistrate Judge Aboulhosn concluded that the Petitioner's argument that the holding in *Johnson* extends to the "residual clause" in the career offender section of the Guidelines lacked merit.

The Petitioner makes two objections that he wishes to preserve for appellate review, both of which the Court overrules. Petitioner's first objection is to an alleged implication embedded in the PF&R that the Petitioner bears the burden of showing that this Court utilized the residual clause of U.S.S.G § 4B1.2(a)(2) in determining he was a career offender. The Court notes the objection and preserves it for appellate review, but as the movant concedes, the substance of this objection is immaterial and does not impact the recommendations proposed in the PF&R.

The Petitioner's second objection is to the recommendation that his § 2255 petition be dismissed because it was filed untimely. Although the United States argues the issue of

timeliness in response to the Petition, the Magistrate Judge does not recommend that the Court dismiss the Petitioner's claim as untimely in the PF&R. Rather, the recommendation is that the Court deny the Petitioner's motion on the merits. Therefore, the Court finds that there is no need to address the substance of this objection, but again, it is preserved for appellate review.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Movant's Objection to Proposed Findings and Recommendation* (Document 104) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 103) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's *Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255* (Document 86) be **DENIED** and that this matter be dismissed and stricken from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record and to any unrepresented party.

ENTER: November 28, 2018

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA